MEMORANDUM **
Jamal Yasin Atallah Alfaouri, a native and citizen of Jordan, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Arrozal v. INS, 159 F.3d 429, 432 (9th Cir.1998). The BIA was within its discretion when it denied Alfaouri’s motion to reopen to apply *662 for adjustment of status on the merits, as Alfaouri did not submit clear and convincing evidence indicating a strong likelihood that his marriage to a U.S. citizen is bona fide. 8 C.F.R. § 204.2(a)(1)(iii) (establishing regulatory presumption that marriages entered into during proceedings are fraudulent); 8 C.F.R. § 204.2(a)(1)(iii)(A)-(B) (procedure for rebutting such presumption); In re Velarde-Pacheco, 23 I. & N. Dec. 253, 256 (BIA 2002) (setting standard for rebutting such presumption). Most of Alfaouri’s proffered evidence related to the fact of his marriage, not its bona fide nature, and was thus irrelevant to the BIA’s inquiry. Malhi v. INS, 336 F.3d 989, 994 (9th Cir.2003). Alfaouri’s joint tax return was relevant but was not nearly sufficient to meet the standard set forth in Velarde-Pacheco, and the BIA was within its discretion to find as much.
Claims of due process violations in deportation proceedings are reviewed de novo. Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000). Alfaouri claims that the Department of Homeland Security, not the BIA, has exclusive jurisdiction to determine the bona fide nature of marriages. He is mistaken. The BIA may deny a motion to reopen on the ground that, even if the movant were able to satisfy all threshold inquiries, the movant would nonetheless not be entitled to a discretionary grant of relief, 8 C.F.R. § 1003.2(a); INS v. Abudu, 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988), and the BIA may determine in the first instance the bona fides of a marriage to inform its exercise of discretion. See Velarde-Pacheco, 23 I. & N. Dec. at 256 (BIA exercising its jurisdiction to evaluate the bona fides of a marriage). Mr. Alfaouri was able to reasonably present his case to the body authorized to hear it, Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000), and his due process claim is therefore unavailing.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.